KATHERINE JOHNSON (CA SBN 259854)
CASPER J. RANKIN (CA SBN 249196)
JOSEPH C. DELMOTTE (CA SBN 259460)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUSTS 2006-6AR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>AGUSTIN SANTANA AND MARIA CHAVEZ DE SANTANA,<br><br>Debtor(s). | Case No. 10-10113-AJ<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>CONFIRMATION HEARING:<br>DATE: March 15, 2010<br>TIME: 1:30pm<br>CTRM: Santa Rosa Courtroom |

Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trusts 2006-6AR (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Agustin Santana and Maria Chavez de Santana (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. The basis of the objection is stated below:

/././

/././

/././

/././

/././

/././

# I.

# STATEMENT OF FACTS

1. On or about January 19, 2006, Debtors, for valuable consideration, made, executed and delivered to The Cal-Bay Mortgage Group ("Lender") a Promissory Note in the principal sum of $604,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2. On or about January 19, 2006, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 2607 Marlow Road, Santa Rosa, California 95403 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on January 27, 2006, in the official records of the Sonoma County Recorder's office. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Debtors defaulted with payments under the Note and are contractually due for January 1, 2009.

3. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Creditor is attached hereto as exhibit C and incorporated herein by reference.

4. On or about January 15, 2010, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $50.00 per month for thirty-six (36) months. However, the Debtors Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $43,836.20. A true and correct copy of Creditor's Proof of Claim is attached hereto as exhibit D and incorporated herein by reference.

6. Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $1,267.67 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

## II.

## **ARGUMENT**

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtors' Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $43,836.20, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

### B. PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $1,267.67 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

### C. FEASIBILITY
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtors' Schedule J indicates that the Debtors have disposable income of $187.91. However, Debtors will be required to apply $1,267.67 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtors lack sufficient monthly disposable income with which to fund this Plan.

/././

/././

/././

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. That Debtors' case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 36 months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtors to maintain current Plan payments to the Chapter 13 Trustee; and

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 2, 2010        PITE DUNCAN, LLP

/s/ JOSEPH C. DELMOTTE CA SBN 259460
Attorneys for BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUSTS 2006-6AR