Entered on Docket
August 03, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: August 03, 2010

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

MELODIE A. WHITSON (CA SBN 253093)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUSTS 2006-6AR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>AGUSTIN SANTANA AND MARIA CHAVEZ DE SANTANA,<br><br><br><br><br><br><br>Debtor(s). | Case No. 10-10113-AJ<br><br>Chapter 13<br><br>R.S. No. MAW-1939<br><br>CONDITIONAL ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>DATE:    July 8, 2010<br>TIME:    9:00 am<br><br>Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on July 8, 2010, at 9:00 AM, upon the Motion of Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trusts 2006-6AR ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Agustin Santana and Maria Chavez de Santana ("Debtors") commonly known as 2607 Marlow Road, Santa Rosa, California 95403 (the "Real Property"), which is legally described as follows:

- 1 -

1     SEE LEGAL DESCRIPTION AS EXHIBIT TO PROPOSED CONDITIONAL ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET ENTRY NUMBER 22.

3     Appearances as noted on the record.

4     Based on the arguments of counsel, and good cause appearing therefor,

5     IT IS HEREBY ORDERED:

6     1.     Debtors shall bring the loan completely post-petition current on or before September 6, 2010, or the automatic stay of 11 U.S.C. § 362, shall be terminated;

8     2.     If Debtors bring the loan completely post-petition current on or before September 6, 2010, Movant may restore its Motion for Relief from Automatic Stay upon a future default;

10     3.     In the event the automatic stay is terminated, Movant shall be authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

13     4.     In the event the automatic stay is terminated, the 14-day stay provided by Bankruptcy Rule 4001 (a)(3) shall be waived;

15     5.     Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

17     6.     Upon foreclosure, in the event Debtors fail to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

19     7.     In the event the automatic stay is terminated, the Chapter 13 Trustee shall cease making any payments in regard to Movant's claim filed in this bankruptcy case;

21     8.     Movant may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case; and

26     9.     This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

\*\* END OF ORDER \*\*